IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN BROTHERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| PRINT, INC., PITNEY BOWES INC. | § | 3:07-cv-0415B |
| and GARY STEVENS, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Bobby G. Pryor
State Bar No. 16373720
Dana G. Bruce
State Bar No. 03232032

302 N. San Jacinto
Rockwall, Texas 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

Attorneys for Defendants
Print, Inc. and Pitney Bowes Inc.

# TABLE OF CONTENTS

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.    Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    Plaintiff's Claim for Breach of Contract is Barred by the
            Statute of Frauds. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . 3

      C.    Plaintiff's Cause of Action Against Print for Fraud
            Should be Dismissed for Failure to State a Claim on Which
            Relief Can be Granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . 5

            1.    Plaintiff has once again failed to meet the standard
                  of pleading required by Rule 9(b) of the FEDERAL
                  RULES OF CIVIL PROCEDURE. . . . . . . . . . . . . . . . . . . . . . . . . .5

            2.    Plaintiff fails to plead facts tending to show that
                  Print possessed the requisite knowledge or intent at
                  the time the promises were made. . . . . . . . . . . . . . . . . . . . . . .6

            3.    Plaintiff fails to sufficiently plead that he acted in
                  reliance on the alleged promises. . . . . . . . . . . . . . . . . . . . . . .10

            4.    Plaintiff's fraud claim is barred by the Statute of Frauds. . .11

      D.    Plaintiff's Cause of Action for Promissory Estoppel Should
            be Dismissed for Failure to State a Cause of Action on which
            Relief can be Granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

            1.    Plaintiff fails to plead reliance damages necessary
                  for a promissory estoppel claim. . . . . . . . . . . . . . . . . . . . . . . 13

            2.    Plaintiff's claim for promissory estoppel should be
                  dismissed for failure to sufficiently plead justifiable
                  and detrimental reliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

III.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

# TABLE OF AUTHORITIES

## CASES

*Absolute Resource Corp.,*
    76 F.Supp.2d 723 (N.D. Tex. 1999)............................................10, 15, 16

*Bell Atlantic Corp. v. Twombly,*
    127 S.Ct. 1955, ___ U.S. ___, ___ L.Ed ___ (2007)................................2, 3

*Baylor Univ. v. Sonniichsen,*
    221 S.W.3d 632 (Tex. 2007)......................................................................12

*Camp v. Ruffin,*
    30 F.3d 37 (5th Cir. 1994)........................................................................14

*Car Carriers, Inc. v. Ford Motor Co.,*
    745 F.2d 1101 (7th Cir. 1984) ...............................................................3

*Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.,*
    88 F.3d 347 (5th Cir. 1996).....................................................................15

*Coffel v. Stryker Corp.,*
    284 F.3d 625 (5th Cir. 2002) ...........................................................7, 8

*Collins v. Allied Pharmacy Mgt., Inc.,*
    871 S.W.2d 929 (Tex. App. – Hous. [14[th] Dist.] 1994, no writ)...............12, 14

*Conley v. Gibson,*
    355 U.S. 42 (1957)...................................................................................3

*DiLeo v. Enrst & Young,*
    901 F.2d 624 (7th Cir. 1990).................................................................7

*Dodson v. Kung,*
    717 S.W.2d 389 (Tex. App. – Hous. [14[th] Dist.] 1986, writ ref'd n.r.e)...........14

*Ernst & Young, LLP  v. Pacific Mut. Life Ins. Co.,*
    51 S.W.3d 573 (Tex. 2001)......................................................................10

*FFP Marketing Co., Inc. v. The Medallion Co.,*
    2001 WL 1751430 (5th Cir. 2001).........................................................11

*Federal Deposit Ins. Co. v. Dawson,*
    4 F.3d 1303 (5th Cir. 1993)...................................................................3

*Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.,*
    960 S.W.2d 41 (Tex. 1998).......................................................7, 12

*Greenstone v. Cambex Corp.,*
    975 F2d. 22 (1st Cir. 1992)...........................................................7

*Guidry v. Bank of LaPlace,*
    954 F.2d 278 (5th Cir. 1992)..........................................................5

*Haase v. Glazner,*
    62 S.W.3d 795 (Tex. 2001)........................................................12, 16

*In the Matter of Haber Oil Co., Inc.,*
    12 F.2d 426 (5th Cir. 1994)........................................................5, 6

*Jim Walter Homes, Inc. v. Reed,*
    711 S.W.2d 617 (Tex. 1986)...........................................................12

*Leach v. Conoco, Inc.,*
    892 S.W.2d 954 (Tex. App. – Hous. [1st Dist.] 1995)...........................11, 12

*Lone Star Milk Producers, Inc. v. Dairy Farmers of America,*
    2001 WL 1701532 (E.D. Tex. 2001)..........................................13, 14, 16

*Maginn v. Norwest Mortgage, Inc.,*
    919 S.W.2d 164 (Tex. App. – Austin 1996, no writ)..................................12

*Niday v. Niday,*
    643 S.W.2d 919 (Tex. 1982).......................................................4, 11

*Nimrod Marketing (Overseas), Ltd. v. Texas Energy Investment Corp.,*
    769 F.2d 1076 (5th Cir. 1985)........................................................13

*Opus South Corp. v. Limestone Constr., Inc.,*
    2003 WL 22329033 (N.D. Tex. 2003).................................................15

*Papasan v. Allain,*
    478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)...........................3

*Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.,*
    40 F.3d 247 (7th Cir. 1994)...........................................................3

*Schindler v. Austwell Farmers Coop.*
    841 S.W.2d 853 (Tex. 1992)............................................................7

*Spoljaric v. Percival Tours, Inc.,*
  708 S.W.2d 432 (Tex. 1986)......................................................8

*Sullivan v. Leor Energy, LLC,*
  2006 WL 2792909 (S.D. Tex. 2006)....................................6, 13, 14, 15, 16

*Sun Oil Co. v. Madeley,*
  626 S.W.2d 726 (Tex. 1981) ...........................................................13

*Tuchman v. DCS Comm. Corp.,*
  14 F.3d 1061 (5th Cir. 1994)........................................................5, 7

*Webber v. M.W. Kellog Co.,*
  720 S.W.2d 124 (Tex. App. – Hous. [14th Dist.] 1986, writ ref'd n.r.e)........11, 12

*Wheeler v. White,*
  398 S.W.2d 93 (Tex. 1965)...........................................................13

*Williams v. WMX Techs,*
  112 F.3d 175 (5th Cir. 1997).........................................................5, 6

## STATUTES

FEDERAL RULE OF CIVIL PROCEDURE 9(b) ...................................................5, 7, 8

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ...............................................1, 2

TEX. BUS. & COM. CODE ANN. § 26.01(a) and (b)(6) (Vernon 2005).................4, 11, 14

## OTHER AUTHORITIES

C. Wright and A. Miller, *Federal Practice and Procedure,*
  § 1216 (3d Ed. 2004)...................................................................2, 3

### DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Print, Inc. presents this Motion to Dismiss Plaintiff John Brothers' Second Amended Complaint for its failure to state a claim upon which relief can be granted and would respectfully show the Court as follows:

### I.    INTRODUCTION

John Brothers, hereafter "Plaintiff," filed his Second Amended Complaint following this Court's Memorandum Order of May 23, 2007, alleging causes of action against Defendant, Print. Inc. ("Print"), including breach of contracts he claims he entered into with Print,[1] *quantum meruit*/unjust enrichment, promissory estoppel and fraud.  These causes of action purportedly arise out of Plaintiff's employment with Print and concern events surrounding certain felony charges on which Plaintiff was indicted by the State of North Carolina in late 2002.  Plaintiff was employed by Print at the time of his indictment and at the heart of his claims he alleges that various officers and employees of Print[2] made misrepresentations to him regarding his employment with Print.[3]

Plaintiff alleges that before deciding whether to fight the charges against him or plead guilty, he counseled with many friends and advisors.  He alleges that over the next few months – either via telephone or in the office – certain officers and employees of Print each assured him that "they and Print would stand behind him whatever his decision

---

[1] *Plaintiff's Second Amended Complaint,* ¶ 23.
[2] Gary Stevens, Dan Brady, Ric Torres, and J. E. Scott.  *Plaintiff's Second Amended Complaint* at ¶ 10.
[3] *Id.* at ¶ 28 and 29.

was."[4]  In April 2004 Plaintiff entered a plea of guilty to the charges.  During the interim between his plea and his sentencing in late 2006, Plaintiff continued his employment as a sales representative with Print.

In July 2006 Print sold the entirety of its stock to Pitney Bowes Inc. ("Pitney"), also a defendant herein, which resulted in Print becoming a wholly-owned subsidiary of Pitney.  In the months that followed, Plaintiff continued his employment with Print and in November 2006 he was sentenced to 20 months imprisonment.  According to Plaintiff, on December 4, 2006, he requested a leave of absence for the duration of his incarceration[5] and on December 7, 2006 he was terminated.  Plaintiff alleges that Print and Pitney used his felony convictions as a pretext for his termination in order to avoid paying commissions.

## II.    ARGUMENT AND AUTHORITIES[6]

### A.  Standard of Review

In order to survive a Rule 12(b)(6) motion to dismiss, "a pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action [ ]."[7]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

---

[4] *Id.* at ¶ 10.

[5] *Id.* at ¶ 20.

[6] The arguments herein are consistent with the positions taken by Defendant Stevens in his Motion to Dismiss Plaintiff's Second Amended Complaint, notably herein at sections II(C)(4)(fraud claim barred by statute of frauds) and II (D)(promissory estoppel claim barred by statute of frauds and failure to plead reliance damages).

[7] *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965, ___ U.S. ___, ___ L.Ed ___ (2007) (citing C. Wright and A. Miller, *Federal Practice and Procedure,* § 1216, pp. 235-36 (3d Ed. 2004).

conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8] "In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."[9] Once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint."[10]

In dismissing the old *Conley v. Gibson*[11] standard, the Supreme Court stated that its "'no set of facts' language has been questioned, criticized, and explained away long enough," and "after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard."[12]

### B. Plaintiff's Claim for Breach of Contract is Barred by the Statute of Frauds.[13]

Plaintiff's claim that Print breached its contract by "failing to honor its promise not to terminate Plaintiff and to pay him commissions while he was serving his

---

[8] *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

[9] *Bell Atlantic,* 127 S. Ct. at 1969 (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984, reh'g denied).

[10] *Id.* at 1969 (citing *Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994).

[11] "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 42, 45 (1957).

[12] *Bell Atlantic* 127 S. Ct. at 1969.

[13] The Statute of Frauds can be considered in a motion to dismiss although a plaintiff may be allowed to present additional evidence. "In practice, courts that allow the adjudication of affirmative defenses on a motion to dismiss or for judgment on the pleadings are converting these motions into summary judgment motions and normally will give all parties the opportunity provided by Rule 56 to present pertinent evidentiary material to the court." *Federal Deposit Ins. Co. v. Dawson,* 4 F.3d 1303, 1308 (5th Cir. 1993) (citing Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 1277 (1990). However, here Plaintiff has already pled the facts establishing the applicability of the Statute of Frauds.

**DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**                                                                    **Page 3**

sentence"[14] is barred by the Statute of Frauds.[15]  The oral statements which Plaintiff contends form the basis of this contract were made in "early 2003" and by their nature cannot be performed within one year.  A promise that cannot be performed within one year of the date of its making falls within the Statute of Frauds.[16]  "Where the agreement, either by its terms or by the nature of the required acts cannot be completed within one year, [a contract] falls within the statute of frauds and must therefore be in writing."[17]  In the instant case, the purported oral statements which Plaintiff alleges created this contract were uttered, according to Plaintiff, in early 2003,[18] over three-and-a-half years before he received a 20-month sentence in federal prison.[19]  By its nature, the purported contract required Print to continue to employ Plaintiff for a period exceeding sixty months (forty-two months from the time of the alleged promise to December 2006, when Plaintiff was sentenced to prison, and twenty months being the time of Plaintiff's incarceration).  Given this oral "contract" was not in writing and by its nature could not have been performed within one year, it is barred by the Statute of Frauds[20] and should be dismissed.

---

[14] *Plaintiff's Second Amended Complaint,* ¶ 23.  To be clear, Print's Motion is limited to this alleged oral contract.

[15] Plaintiff's claim appears to be based on the statements: "[H]e would have a job at Print regardless of the outcome of the indictment and [] Print would continue to employ him and take care of him and his family during the ordeal," and "[E]ven if he were incarcerated he would have a position with Print upon his release and that Print would pay him commissions while he was incarcerated." *Plaintiff's Second Amended Complaint,* ¶ 10.

[16] TEX. BUS. & COM. C. ANN. 26.01(a) & (b)(6) (Vernon 2005).

[17] *Niday v. Niday,* 643 S.W.2d 919, 920 (Tex. 1982).

[18] *Plaintiff's Second Amended Complaint,* ¶ 10.

[19] *Id.* at ¶ 20.

[20] *See Niday v. Niday,* 643 S.W.2d 919 (Tex. 1982).

**DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**                                                                                        **Page 4**

**C. Plaintiff's Cause of Action Against Print for Fraud Should be Dismissed for Failure to State a Claim on Which Relief Can be Granted.**

1. Plaintiff has once again failed to meet the standard of pleading required by Rule 9(b) of the FEDERAL RULES OF CIVIL PROCEDURE.

Brothers' fraud claim, after ample opportunity to plead properly, still fails as a matter of law to fulfill the heightened standard of pleading required by FED. R. CIV. P. 9(b). Rule 9(b) requires the party pleading fraud to specify which statements are fraudulent, who made the statements, when the statements were made, where the statements were made and why the statements are fraudulent.[21] Though Plaintiff has come closer this time to the "who" and the "which,"[22] he has failed yet again to set forth the when, where, and why of his fraud claim with the degree of specificity required by the rule.

"[T]he first sentence of Federal Rule 9(b) imposes a heightened level of pleading for fraud claims," requiring that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[23] Though "[t]he particularity demanded by Rule 9(b) necessarily differs with the facts of each case . . . Rule 9(b) requires the plaintiff to allege 'the particulars of time, place, and contents of the false representations as well as the identity of the person making the misrepresentation and what [that person] gained thereby."[24] Even though the statements

---

[21] *Williams v. WMX Techs,* 112 F.3d 175, 177-78 (5th Cir. 1997); *Tuchman v. DCS Comm. Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994).

[22] Plaintiff generally alleges fraudulent statements by Gary Stevens, Dan Brady, Ric Torres, and J.E. Scott, *See Plaintiff's Second Amended Complaint,* ¶ 10. However, Plaintiff's complaint attempts no factual specificity as to any individual other than Gary Stevens. The fraud claim, as it relates to the other individuals, should be dismissed on these grounds, thereby avoiding the time and expense of discovery relating to same.

[23] *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

[24] *Tuchman,* 14 F.3d at 1068 (citing *Guidry v. Bank of LaPlace,* 954 F.2d 278, 288 (5th Cir. 1992). *See also Williams v. WMX Tech.,* 112 F.3d 175, 177 (5th Cir. 1997), *cert. denied,* 522 U.S. 9676 (1997); *In the*

**DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT** 
**Page 5**

Plaintiff attributes to Stevens have taken on more certainty and are temporally alleged to have been said sometime during "early 2003," either in "Print's office in Dallas or over the phone,"[25] he fails wholly to provide facts supporting that these alleged statements were fraudulent.

"Pleading fraud in [the Fifth] circuit requires "time, place and contents of the false representations, as well as the identity of the person making the representation and what that person obtained thereby."[26]   In *Williams v. WMX Technologies*, the Fifth Circuit adopted the Second Circuit's approach, stating that articulating the elements of fraud with particularity requires a plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made and explain why the statements were fraudulent."[27]   Before dismissing Williams' fraud claim for lack of specificity, the court added, "the requirement for particularity in pleading fraud does not lend itself to refinement . . . we apply [ ] rule [9(b)] with force, without apology."[28]

2.  <u>Plaintiff fails to plead facts tending to show that Print possessed the requisite knowledge or intent at the time the promises were made.</u>

"Under Texas law, the elements of a fraud cause of action are: 1) a material representation was made; 2) it was false when made; 3) the speaker either knew it was false, or made it without the knowledge of its truth; 4) the speaker made it with the intent that it should be acted upon; 5) the party acted in reliance; and 6) the party was injured as

---

*Matter of Haber Oil Co., Inc.*, 12 F.2d 426, 439 (5th Cir. 1994); *Sullivan v. Leor Energy, LLC*, 2006 WL 2792909 at *6 (S.D. Tex. 2006).

[25] *Plaintiff's Second Amended Complaint*, ¶ 10.

[26] *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997).

[27] *Id.* at 178.

[28] *Id. See also, Sullivan v. Leor Energy, LLC*, 2006 WL 2792909 at *6 (S.D. Tex. 2006)(dismissing the plaintiff's second attempt at pleading fraud claim for failure to describe intent to induce reliance, the circumstances of the reliance, or the substantial detriment incurred by plaintiff as a result of the alleged reliance.)

**DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**                                                                      **Page 6**

a result."[29]  "In the case of a promise of future performance, the plaintiff also has to prove that 'the promise was made with no intention of performing at the time it was made.'"[30] Plaintiff has offered no facts in support of such an allegation.

Although "Rule 9(b) relaxes the particularity requirement for conditions of the "mind" and provides that "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally, 'case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent.  To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud.'"[31]  "The courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity unless the complaint also sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading."[32]  Plaintiff has offered no facts to support that: a) Print had knowledge of the falsity of the statements at the time they were made or that it made them without the knowledge of their truth; or b) it lacked an intention to perform the alleged future promises at the time they were made.

"[M]ere failure to perform a contract is not evidence of fraud."[33]  "While a party's intent is determined at the time the party made the representation, it may be inferred from

---

[29] *Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002, reh'g denied) (citing *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).
[30] *Id.*
[31] *Tuchman* at 14 F.3d 1068.
[32] *Id.* (quoting *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992) *See DiLeo v. Enrst & Young*, 901 F.2d 624, 629 (7th Cir. 1990)("Although Rule 9(b) does not require 'particularity' with respect to the defendants' mental state, the complaint must still afford a basis for believing that plaintiffs could prove scienter.")
[33] *Formosa Plastics Corp., USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998) (citing *Schindler v. Austwell Farmers Coop.*, 841 S.W.2d 853, 854 (Tex. 1992).

the party's subsequent acts after the representation is made."[34]  "There must be some additional 'slight circumstantial evidence' of fraud to support a finding of fraudulent intent."[35]  In the instant case, Plaintiff has provided none.  Plaintiff's pleadings indicate that Print's alleged promises of continued employment were made in "early 2003."[36]  On their face, Plaintiff's pleadings indicate that he continued in his employment with Print without incident for over three years after these alleged promises were made (while under indictment and, subsequent thereto, pleading guilty to felonies).  During this time, according to Plaintiff, he was allowed double the monthly draw of Print's other sales representatives and Print also qualified him for a "Retention Bonus Plan."[37]  It was only in December 2006, according to Plaintiff, when his felony conviction came to the attention of Pitney Bowes, Print's new parent corporation, that he was terminated. Plaintiff's bare assertions of intent and knowledge, without more, are not enough to pass muster under Federal Rule 9(b) and Plaintiff's fraud claim should be dismissed.

Plaintiff's allegations of "promising to do certain things while having the present intention not to do so *or* [emphasis added] with the knowledge that doing so would violate company policy"[38] is not, especially given the "or," sufficiently specific to satisfy the requirements of pleading requisite knowledge or intent.  Further, at the time the statements were allegedly made in 2003, according to Plaintiff's Second Amended Complaint,[39] they were not in violation of Print's policy.[40]  Even then, Plaintiff offers the

---

[34] *Coffel v. Stryker Corp.,* 284 F.3d 625 at 634 (citing *Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 434 (Tex. 1986).

[35] *Coffel,* 284 F.3d at 634 (citing *Spoljaric,* 708 S.W.2d at 435).

[36] *Plaintiff's Second Amended Complaint,* ¶ 10.

[37] *Id.* at ¶ 19.

[38] *Id.* at ¶ 29 (emphasis added).

[39] *Id.* at ¶ 10.

[40] *Id.* at ¶ 20.

"alternative" that "Stevens and Print made statements of opinion based upon false statements or facts, or the opinions were known to be false when made."[41]  Plaintiff, however, fails to identify the opinions or facts upon which he allegedly relied.  But Plaintiff does not stop there.

In the "further alternative"[42] Plaintiff alleges that Stevens and Print "concealed or failed to disclose material facts . . . knowing that Plaintiff was ignorant of the facts . . ." and they "intended to induce Plaintiff to *take some action* [emphasis added] by concealing or failing to disclose."[43]  No where in Plaintiff's Second Amended Complaint have any facts been alleged to support these alternative claims, unless perhaps Plaintiff intends to infer that - in the years that followed - the officers and directors of Print acted wrongfully by keeping negotiations for Pitney's purchase of Print's stock from their sales staff, as alleged by Plaintiff.  Even then, Plaintiff does not assert that he is privileged or somehow entitled to such information.  In any event, Plaintiff has not pled that alleged promises were made at a time when Print was actively negotiating with Pitney for the sale of Print's stock or that Print somehow knew this might affect Plaintiff's employment at the time its officers and employees allegedly made the misrepresentations.  Instead, according to Plaintiff's Second Amended Complaint, Plaintiff alleges the fraudulent promises were made in early 2003,[44] long before negotiations between Print and Pitney began.[45]

---

[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id.* at ¶ 16.

**DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT** **Page 9**

3.  Plaintiff fails to sufficiently plead that he acted in reliance on the alleged promises.

Plaintiff's fraud claim should be dismissed because he has failed to plead facts tending to show that his reliance on Print's alleged misrepresentations was detrimental and justifiable. "Reliance on a misrepresentation must be actual and justifiable to prevail on a fraud claim."[46] Not only do the alleged misrepresentations in Plaintiff's Second Amended Complaint fail to evidence any intent to induce Plaintiff to act in a certain way, they also provide no basis for justifiable reliance. Plaintiff claims that if it were not for Print's misrepresentations he: a) would not have pled guilty to the felony counts against him; or b) continued his employment with Print,[47] yet Print's alleged misrepresentations[48] are not of the type or kind to invoke reliance.

"Fraud requires a showing of justifiable, not just actual, reliance upon the defendant's representations. There must be a reasonable relationship between the representations and the extent of the plaintiff's reliance."[49] Accepting Plaintiff's allegations as true, Print told Plaintiff that it would "stand behind him whatever his decision was,"[50] and that he "would have a job at Print regardless of the outcome of the indictment"[51] - or in other words, irrespective of whether Plaintiff pled guilty - or whether a court of competent jurisdiction ultimately found him guilty or innocent after a trial. On their face, the nature of the alleged promises themselves are not calculated to induce any sort of action in reliance thereon. Instead, the statements indicate Print's

---

[46] *Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).
[47] *Plaintiff's Second Amended Complaint*, ¶ 29.
[48] *Id.* at ¶ 10.
[49] *In re Absolute Resource Corp.*, 76 F.Supp.2d 723, 731 (N.D. Tex. 1999).
[50] *Plaintiff's Second Amended Complaint* at ¶10.
[51] *Id.*

**DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
**AND BRIEF IN SUPPORT**                                                                 **Page 10**

support for Plaintiff regardless of his decision and regardless of the outcome of the indictment against him.

Plaintiff also claims that he would not have continued his employment with Print but for the alleged misrepresentations. However, Plaintiff has offered no facts to show that he changed his conduct or intended course of action in reliance on the alleged promises or, for that matter, that Print intended him to do so. At best, the alleged promises lack the definiteness to invoke reliance and certainly fail to rise to the level to constitute a claim of fraud by Plaintiff. To put the matter directly, Plaintiff's claims do not rise to the level of fraud[52] and should be dismissed for failure to state a claim on which relief can be granted.

### 4. Plaintiff's fraud claim is barred by the Statute of Frauds.

An agreement that is not to be performed within one year falls within the Statute of Frauds and must be in writing.[53] "Where the agreement either by its terms or by the nature of the required acts cannot be completed within one year, it falls within the Statute of Frauds and must, therefore, be in writing to be enforceable.[54] In the instant case, the alleged oral agreements Plaintiff contends were breached by Print are not enforceable because none of them, by their nature, could be performed within one year.

"When a plaintiff in his claim asserting fraud, attempts to rely upon an allegedly fraudulent oral promise to enforce his principal employment contract, the Statute of Frauds is a defense to his fraud claim."[55] "When tort claims have their nucleus in an

---

[52] *FFP Marketing Co., Inc. v. The Medallion Co.,* 2001 WL 1751430 at *5 (5th Cir. 2001).
[53] TEX. BUS. & COM. C. ANN. 26.01(a) & (b)(6) (Vernon 2005).
[54] *Niday v. Niday,* 643 S.W.2d 919, 920 (Tex. 1982).
[55] *Leach v. Conoco, Inc.,* 892 S.W.2d 954, 960 (Tex. App. – Hous. [1st Dist.] 1995) (citing *Webber v. M.W. Kellog Co.,* 720 S.W.2d 124, 129 (Tex. App. – Hous. [14th Dist.] 1986, writ ref'd n.r.e).

alleged oral contract which is unenforceable under the Statute of Frauds the statute of frauds bars the tort claims as well."[56]  "The viability of [a] fraud claim depends on the nature of the damages [the Plaintiff seeks] to recover."[57]  "The essential inquiry is . . . into the nature of the injury that he alleges."[58]

In the instant case, Plaintiff attempts to recover damages for stock options, bonuses, and commissions to which he would have been entitled had he continued in his employment with Print.  However, when the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone.[59]  "In other words, a plaintiff's fraud cause of action is barred by the Statute of Frauds when he seeks to obtain the benefit of the bargain that he would have obtained had the promise been performed.[60]

"Texas law recognizes two measures of damages for common law fraud: out-of-pocket and benefit of the bargain."[61]  The Statute of Frauds bars a fraud claim for benefit of the bargain damages when the claim arises from a contract that has held to be unenforceable.[62]  Though the Statute of Frauds does not bar recovery of out-of-pocket damages for fraud, if the measure of damages sought are benefit of the bargain damages, the fraud claim must fail.[63]  In the instant case, Plaintiff is not claiming out-of-pocket,

---

[56] *Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 169 (Tex. App. – Austin 1996, no writ).

[57] *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636, 50 Tex. Sup. Ct. J. 618, 2007 WL 1162872 at *3 (Tex. 2007).

[58] *Leach v. Conoco, Inc.*, 892 S.W.2d at 960 (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

[59] *Id.*, citing *Reed*, 711 S.W.2d at 618; *Collins v. Allied Pharmacy Mgt., Inc.*, 871 S.W.2d 929, 936 (Tex. App. – Hous. [14th Dist.] 1994, no writ); *Webber*, 720 S.W.2d at 129.

[60] *Id.*, citing *Collins*, 871 S.W.2d at 936; *Webber*, at 129.

[61] *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636, 50 Tex. Sup. Ct. J. 618, 2007 WL 1162872 at *3 (Tex. 2007) (citing *Formosa Plastics Corp., USA v. Presidio Eng'rs and Contractors , Inc.* 960 S.W.2d 41, 49, 50 (Tex. 1998).

[62] *Baylor Univ. v. Sonnichsen*, 871 S.W.2d at 636 (citing *Haase v. Glazner*, 62 S.W.2d 795, 800 (Tex. 2001).

[63] *Baylor Univ.*, 221 S.W.3d at 636.

restitutionary damages, but instead claims damages under a benefit of the bargain theory. As such, his fraud claim is barred as a matter of law and should be dismissed.

### D. Plaintiff's Cause of Action for Promissory Estoppel Should be Dismissed for Failure to State a Cause of Action on which Relief can be Granted.[64]

1.     <u>Plaintiff fails to plead reliance damages necessary for a promissory estoppel claim.</u>

Plaintiff has failed to plead the required reliance damages in order to recover under a promissory estoppel claim. "Detriment, for purposes of estoppel is not defined in terms of a party's expectation under a contract but by the loss incurred by the party in acting on the alleged promise."[65] Plaintiff's reliance damages would be limited to the amount of money it would take to restore him to the position he was in, prior to the point at which he relied on Print's promise.[66] However, Plaintiff alleges no facts that show a substantial or detrimental change in his position after he allegedly acted upon Print's statements. He does not indicate that his position either before or after the promises was any different, nor does he allege a compensable detriment. Instead, he seeks damages measured by amounts to which he claims he would have been entitled had he remained in the employment of Print.[67] "Recovery under the theory of promissory estoppel is limited to 'the amount necessary to compensate that party for a loss already suffered.'"[68] "Such

---

[64] This argument is subject to the position taken in Print's Motion to Dismiss for Failure to State a Claim, Motion for More Definite Statement and Motion to Strike and Brief In Support, filed with this Court on March 21, 2007, in which it argues that promissory estoppel is a defensive plea and no such affirmative claim exists under Texas law.

[65] *Sullivan v. Leor Energy, LLC,* 2006 WL 2792909 at *6 (citing *Lone Star Milk Producers, Inc. v. Dairy Farmers of America,* 2001 WL 1701532 at *2 (E.D. Tex. 2001).

[66] See *id.* at 6.

[67] *Plaintiff's Second Amended Complaint,* ¶ 21, 23.

[68] *Nimrod Marketing (Overseas), Ltd. v. Texas Energy Investment Corp.,* 769 F.2d 1076, 1080 (5th Cir. 1985) (citing *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 734 (Tex. 1981) and *Wheeler v. White,* 398 S.W.2d 93 (Tex. 1965).

**DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**                     **Page 13**

damages are measured not by what the plaintiff might have gained but by what he has lost."[69] "The failure to allege reliance damages justifies dismissal of the claim[]."[70]

Further, Plaintiff's promissory estoppel claim is barred by the Statue of Frauds. As discussed *supra*,[71] the contract which Plaintiff alleges was breached is not performable within one year. A promise that cannot be performed within one year of the date of its making falls within the Texas Statute of Frauds.[72] It is a well settled point of Texas law that "[p]romissory estoppel operates to preclude a statute of frauds defense only where the promise is to sign a written agreement complying with the statute."[73]

In the instant case, Plaintiff is not alleging that Print failed to enter into a written contract to memorialize the alleged agreement, but that Print promised to "continue to employ Plaintiff regardless of the outcome of the indictment against him, continue to employ Plaintiff and pay him commissions while incarcerated if that occurred, and take care of him and his family during this ordeal" and to "true up" his commissions at the end of each year."[74] By their very nature, none of these alleged oral promises – if the statements can be said to rise to the level of promises – operates to preclude a Statute of Frauds defense because none of them is a promise to enter into a written agreement and, therefore, Plaintiff's promissory estoppel claim is barred.

---

[69] *Camp v. Ruffin*, 30 F.3d 37, 38 (5th Cir. 1994, cert. denied).

[70] *Sullivan v. Leor Energy, LLC*, 2006 WL 2792909, 6 (S.D. Tex. 2006) (granting defendant's motion to dismiss)(citing *Lone Star Milk Producers, Inc. v. Dairy Farmers of America*, 2001 WL 1701532 at *2 (E.D. Tex. 2001).

[71] Section II (B).

[72] TEX. BUS. & COM. C. ANN. § 26.01(a) & (b)(6) (Vernon 2005).

[73] *Collins v. Allied Pharmacy Mgt., Inc.*, 871 S.W.2d 929, 937 (Tex. App. – Hous. [14[th] Dist.] 1994, no writ) (citing *Dodson v. Kung*, 717 S.W.2d 389, (Tex. App. – Hous. [14[th] Dist.] 1986, writ ref'd n.r.e).

[74] *Plaintiff's Second Amended Complaint*, ¶29.

**DEFENDANT PRINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT** **Page 14**

2. <u>Plaintiff's claim for promissory estoppel should be dismissed for failure to sufficiently plead justifiable and detrimental reliance.</u>

Plaintiff's claim of promissory estoppel should be dismissed for failure to state a claim upon which relief can be granted. "The elements of promissory estoppel are: 1) a promise; 2) foreseeability of reliance on the promise by the promisor; and 3) detrimental reliance by the promisee."[75] In those cases discussing such a cause of action, Texas goes a step further and requires a definite finding that injustice can be avoided only by the enforcement of the promise.[76] "Additionally, the person seeking to enforce the promise must show that his reliance thereon was justified."[77]  "There must be a reasonable relationship between the representations and the extent of the plaintiff's reliance."[78]

Plaintiff has failed to allege a promise by Print that Print should have expected would lead Plaintiff to some definite and substantial injury.[79] It was not foreseeable by Print that its alleged promises "to stand behind [Plaintiff] whatever his decision" and that he would "have a job at Print regardless of the outcome of the indictment," would be relied upon by Plaintiff in pleading guilty to a felony conviction. The alleged promises themselves were not designed to compel action one way or the other on the part of Plaintiff. Instead, they indicated Print's support for Plaintiff whatever the outcome of the indictment, not whether he pled guilty. It could not have been reasonable for Print to consider – much less foresee – that Plaintiff would act upon the alleged misrepresentation by purportedly giving up his right to trial and pleading guilty to the charges against him.

---

[75] *In re Absolute Resource Corp.* 76 F.Supp. 723, 734 (N.D. Tex. 1999) (citing *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 360 (5th Cir. 1996).
[76] *In re Absolute Resource Corp.*, 76 F.Supp. at 734.
[77] *Id.*
[78] *Id.* at 731.
[79] *Sullivan v. Leor Energy, LLC,* 2006 WL 2792909 at *6 (S.D. Tex. 2006) (citing *Opus South Corp. v. Limestone Constr., Inc.*, 2003 WL 22329033 at *6 (N.D. Tex. 2003).

Further, Plaintiff has alleged no facts to show that the only way to avoid or remedy his injury is by enforcement of the promise.[80]

Further, Plaintiff has alleged no facts to support the element of detrimental reliance. Not only does he allege he would not have pled guilty, but also that he would not have continued to perform services on behalf of Print had it not been for Stevens and Print's allegedly false promises.[81] "Proof that a party has relied to its detriment on an alleged misrepresentation is an essential element of a fraud claim."[82] Plaintiff's detriment is also essential to his claim for promissory estoppel.[83] However, no where has Plaintiff pled that he changed his course of action in reliance on Print's promises or provided facts that support his claim that any such action constituted a detriment to him. Plaintiff's continuation in his employment does not constitute an act or a refrain from acting which demonstrates the detrimental reliance contemplated by Texas law.[84] As such, Plaintiff has failed to demonstrate that he relied to his detriment, or that there was a reasonable relation between the alleged representations and any purported reliance thereon.

## III.   CONCLUSION

For the reasons set forth above, Defendant, Print, Inc. moves this Court to dismiss Plaintiff's aforementioned causes of action against it because they fail to state claims upon which relief can be granted, and to such other relief as Print, Inc. may be entitled.

---

[80] *In re Absolute Corp.*, 76 F.Supp. at 724.

[81] *Plaintiff's Second Amended Complaint*, ¶ 29.

[82] *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).

[83] *Sullivan v. Leor Energy LP*, 2006 WL 2792909 at *6 (S.D. Tex. 2006).

[84] *See Sullivan*, 2006 WL 2792909 at *6; *Lone Star Milk Producers, Inc. v. Dairy Farmers of Am., Inc.*, 2001 WL 1701532 at *2 (E.D. Tex. 2001).

Respectfully Submitted,

PRYOR & BRUCE

By:

Bobby G. Pryor
State Bar No. 16373720
Dana G. Bruce
State Bar No. 03232032

302 N. San Jacinto
Rockwall, Texas 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

Attorneys for Defendants
Print, Inc. and Pitney Bowes Inc.

## CERTIFICATE OF SERVICE

This is to certify that on July ___6___, 2007, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: Ryan Lurich, Friedman & Feiger, 5301 Spring Valley Road, Suite 200, Dallas, Texas 75254, and Scott M. McElhaney, Jackson Walker, L.L.P., 901 Main Street, Suite 6000, Dallas, Texas 75202.

Bobby G. Pryor