IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN BROTHERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| PRINT, INC., PITNEY BOWES INC. | § | 3:07-cv-0415B |
| and GARY STEVENS, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT PITNEY BOWES INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Bobby G. Pryor
State Bar No. 16373720
Dana G. Bruce
State Bar No. 03232032

302 N. San Jacinto
Rockwall, Texas 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

Attorneys for Defendants
Print, Inc. and Pitney Bowes Inc.

## TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

I.   Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.   Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

        B.   Plaintiff's Claim for Tortious Interference with an Existing Contract is Barred by the Statue of Frauds and Should be Dismissed for Failure to State a Claim upon which Relief Can be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

III. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

## TABLE OF AUTHORITIES

### CASES

*Bell Atlantic Corp. v. Twombly,*
    127 S.Ct. 1955, 1965, ___ U.S. ___, ___L.Ed ___ (2007)..................2, 3

*Car Carriers, Inc. v. Ford Motor Co.,*
    745 F.2d 1101 (7th Cir. 1984)..................3

*Case Corp. v. Hi-Class Business Systems of America, Inc.,*
    184 S.W.3d 760 (Tex. App. – Dallas 2005, pet. denied)..................5

*Collins v. Allied Pharmacy Mgt., Inc.,*
    871 S.W.2d 929 (Tex. App. – Hous. [14th Dist.] 1994, no writ)..................4

*Conley v. Gibson,*
    355 U.S. 42 (1957)..................3

*EEMSO, Inc. v. Complex Technologies, Inc.,*
    2006 WL 2583174 *9 (N.D. Tex. 2006)..................5

*Federal Deposit Ins. Co. v. Dawson,*
    4 F.3d 1303 (5th Cir. 1993)..................3

*Gilliam v. Kouchoucos,*
    161 Tex. 299, 340 S.W.2d 27 (Tex. 1960)..................4

*Lykos v. Welling,*
    1997 WL 135669 (N.D. Tex. 1997)..................5

*MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g., Inc.,*
    422 F.Supp.2d 724, 740 (N.D. Tex. 2006)..................5

*M.R.S. Datascope v. Exchange Data Corp.,*
    745 S.W.2d 543, (Tex. App. – Hous. [1st Dist.] 1988, no writ)..................4

*Maginn v. Norwest Mortgage, Inc.,*
    919 S.W.2d 164 (Tex. App. – Austin 1996, no writ)..................4

*Niday v. Niday,*
    643 S.W.2d 919 (Tex. 1982)..................4

*Papasan v. Allain,*
    478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)..................3

*Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.*,
  40 F.3d 247 (7th Cir. 1994)..................................................................3

## STATUTES

Tex. Bus. & Com. C. Ann. § 26.01(a) & (b)(6) (Vernon 2005).................................4

Federal Rule of Civil Procedure 12(b)(6) ....................................................1, 2

## OTHER AUTHORITIES

C. Wright and A. Miller, *Federal Practice and Procedure*,
  §1216 (3d Ed. 2004).....................................................................2, 3

### DEFENDANT PITNEY BOWES INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Pitney Bowes, Inc. ("Pitney") presents this Motion to Dismiss Plaintiff John Brothers' Second Amended Complaint for its failure to state a claim upon which relief can be granted and would respectfully show the Court as follows:

### I.   INTRODUCTION

John Brothers, hereafter "Plaintiff," filed his Second Amended Complaint following this Court's Memorandum Order of May 23, 2007, alleging causes of action against Defendant, Print. Inc. ("Print"), including breach of "various" of the "several" contracts he claims he entered into with Print,[1] *quantum meruit*/unjust enrichment, promissory estoppel and fraud, and his sole surviving claim against Pitney for tortious interference with an existing contract. These causes of action purportedly arise out of Plaintiff's employment with Print and concern events surrounding certain felony charges on which Plaintiff was indicted by the State of North Carolina in late 2002. Plaintiff was employed by Print at the time of his indictment and at the heart of his claims he alleges that various officers and employees of Print[2] made misrepresentations to him regarding his future employment with Print.[3]

Plaintiff alleges that before deciding whether to fight the charges against him or plead guilty, he counseled with many friends and advisors. He alleges that over the next few months – either via telephone or in the office – these officers and employees of Print each assured him that "they and Print would stand behind him whatever his decision

---

[1] *Plaintiff's Second Amended Complaint*, ¶ 23.
[2] Gary Stevens, Dan Brady, Ric Torres, and J. E. Scott, *Plaintiff's Second Amended Complaint* at ¶ 10.
[3] *Id.* at ¶ 28 and 29.

**DEFENDANT PITNEY BOWES INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**                                                               **Page 1**

was."[4] In April 2004 Plaintiff entered a plea of guilty to the charges. During the interim between his plea and his sentencing in 2006, Plaintiff continued his employment as a sales representative with Print.

In July 2006 Print sold the entirety of its stock to Pitney Bowes Inc. ("Pitney"), also a defendant herein, which resulted in Print becoming a wholly-owned subsidiary of Pitney. In the months that followed, Plaintiff continued his employment with Print and in November 2006 he was sentenced to 20 months imprisonment. According to Plaintiff, on December 4, 2006, he requested a leave of absence for the duration of his incarceration[5] and on December 7, 2006 he was terminated. Plaintiff alleges that Print and Pitney used his felony convictions as a pretext for his termination in order to avoid paying commissions.

## II.     ARGUMENT AND AUTHORITIES[6]

### A. Standard of Review

In order to survive a Rule 12 (b) (6) motion to dismiss, "a pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action []."[7] While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and

---

[4] *Id.* at ¶ 10.
[5] *Id.* at ¶ 20.
[6] The arguments herein are consistent with the positions taken by Defendant Stevens in his Motion to Dismiss Plaintiff's Second Amended Petition, notably at sections II(C)(4)(fraud claim barred by statute of frauds) and II (D)(promissory estoppel claim barred by statute of frauds and failure to plead reliance damages).
[7] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, ___ U.S. ___, ___ L.Ed ___ (2007) (citing C. Wright and A. Miller, *Federal Practice and Procedure*, § 1216, pp. 235-36 (3d Ed. 2004).

**DEFENDANT PITNEY BOWES INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED**
**COMPLAINT AND BRIEF IN SUPPORT                                                                    Page 2**

conclusions and a formulaic recitation of the elements of a cause of action will not do."[8] "In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."[9] Once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint."[10]

In dismissing the old *Conley v. Gibson* standard,[11] the Supreme Court stated that its "'no set of facts' language has been questioned, criticized, and explained away long enough," and "after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard."[12]

### B. Plaintiff's Claim for Tortious Interference with an Existing Contract is Barred by the Statute of Frauds and Should be Dismissed for Failure to State a Claim upon which Relief Can be Granted.[13]

Plaintiff's claim for tortious interference of an existing contract is barred by the Statute of Frauds. "When tort claims have their nucleus in an alleged oral contract which

---

[8] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

[9] *Bell Atlantic*, 127 S. Ct. at 1969 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984 reh'g denied).

[10] *Id.* at 1969 (citing *Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).

[11] "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 42, 45 (1957).

[12] *Bell Atlantic* 127 S. Ct. at 1969.

[13] The Statute of Frauds can be considered in a motion to dismiss although a plaintiff may be allowed to present additional evidence. "In practice, courts that allow the adjudication of affirmative defenses on a motion to dismiss or for judgment on the pleadings are converting these motions into summary judgment motions and normally will give all parties the opportunity provided by Rule 56 to present pertinent evidentiary material to the court." *Federal Deposit Ins. Co. v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993) (citing C Wright and A. Miller, *Federal Practice and Procedure*, § 1277 (1990). However, here Plaintiff has already pled the facts establishing the applicability of the Statute of Frauds.

**DEFENDANT PITNEY BOWES INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**                                                                 **Page 3**

is unenforceable under the statute of frauds, the statute of frauds bars the tort claims as well."[14]

Plaintiff's claim that Print breached its contract by "failing to honor its promise not to terminate Plaintiff and to pay him commissions while he was serving his sentence"[15] is barred by the Statute of Frauds. The oral statements[16] which Plaintiff contends form the basis of this contract were made in "early 2003" and by their nature could not be performed within one year.

A promise that cannot be performed within one year of the date of its making falls within the Statute of Frauds.[17] "Where the agreement, either by its terms or by the nature of the required acts cannot be completed within one year, [a contract] falls within the statute of frauds and must therefore be in writing."[18] "When a contract is for a term longer than one year, the mere possibility of termination within a year because of death or another contingent event does not then insulate it from the statute of frauds."[19] In the instant case, the statements which Plaintiff alleges created this contract were uttered, according to Plaintiff, in early 2003.[20] By its nature, the purported contract required Print to continue to employ Plaintiff for a period exceeding sixty months (forty-two months from the time of the alleged promise to December 2006, when Plaintiff was sentenced to

---

[14] *Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 169 (Tex. App. – Austin 1996, no writ) (citing *Collins v. Allied Pharmacy Mgt., Inc.*, 871 S.W.2d 929, 936 (Tex. App. – Hous. [14th Dist.] 1994, no writ).
[15] *Plaintiff's Second Amended Complaint*, ¶ 23. To be clear, Pitney's Motion is limited to this alleged oral contract.
[16] Plaintiff's claim appears to be based on the statements: "[H]e would have a job at Print regardless of the outcome of the indictment and [] Print would continue to employ him and take care of him and his family during the ordeal," and "[E]ven if he were incarcerated he would have a position with Print upon his release and that Print would pay him commissions while he was incarcerated." *Plaintiff's Second Amended Complaint*, ¶ 10.
[17] TEX. BUS. & COM. C. ANN. § 26.01(a) & (b)(6) (Vernon 2005).
[18] *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex. 1982).
[19] *Collins v. Allied Pharmacy Mgt. Inc.*, 871 S.W.2d 929, 934 (Tex. App. – Hous. [14th Dist.] 1994) (citing *Gilliam v. Kouchoucos*, 161 Tex. 299, 340 S.W.2d 27, 30 (Tex. 1960); *M.R.S. Datascope v. Exchange Data Corp.*, 745 S.W.2d 543, 544 (Tex. App. – Hous. [1st Dist.] 1988, no writ).
[20] *Plaintiff's Second Amended Complaint*, ¶ 10.

prison and twenty months being the time of Plaintiff's incarceration).[21] Because this was an oral "contract" and by its nature could not have been performed within one year, it is barred by the Statute of Frauds[22] and Plaintiff's claim for tortious interference against Pitney fails as a matter of law.

To recover for tortious interference with existing contracts Texas law requires proof of 1) the existence of a contract subject to interference; 2) a willful and intentional act of interference; 3) that the act was the proximate cause of the plaintiff's damage; and 4) that actual damage or loss occurred.[23] Tortious interference with an existing contract, of course, requires the existence of a contract.[24] In this case, Plaintiff's alleged contract is unenforceable under the Statute of Frauds.

## CONCLUSION

For the reasons set forth above, Defendant Pitney Bowes Inc. moves this Court to dismiss Plaintiff's aforementioned cause of action against it for failure to state a claim upon which relief can be granted, and for such other relief to which Pitney Bowes Inc. may be entitled.

---

[21] *Id.* at ¶ 20.
[22] *Case Corp. v. Hi-Class Business Systems of America, Inc.*, 184 S.W.3d 760 (Tex. App. – Dallas 2005, pet. denied).
[23] *EEMSO, Inc. v. Complex Technologies, Inc.*, 2006 WL 2583174 *9 (N.D.Tex. 2006) (citing *MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g., Inc.*, 422 F.Supp.2d 724, 740 (N.D. Tex. 2006).
[24] *Lykos v. Welling*, 1997 WL 135669 at *7 (N.D.Tex 1997).

Respectfully Submitted,

PRYOR & BRUCE

By: _____
Bobby G. Pryor
State Bar No. 16373720
Dana G. Bruce
State Bar No. 03232032

302 N. San Jacinto
Rockwall, Texas 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

Attorneys for Defendants
Print, Inc. and Pitney Bowes Inc.

## CERTIFICATE OF SERVICE

This is to certify that on July 6, 2007, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: Ryan Lurich, Friedman & Fielger, 5301 Spring Valley Road, Suite 200, Dallas, Texas 75254, and Scott M. McElhaney, Jackson Walker, 901 Main Street, Suite 6000, Dallas, Texas 75202.

_____
Bobby G. Pryor